# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2010

No. 09-40805
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

LARRY DON RHODEN,

Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-665-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Larry Don Rhoden pled guilty to two counts of transporting illegal aliens within the United States for commercial advantage or private financial gain and was sentenced to concurrent terms of forty-one months' imprisonment. On appeal, Rhoden asserts the district court erred in imposing a nine-level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40805

enhancement pursuant to Sentencing Guidelines section 2L1.1(b)(2)(C).[1]  The court applied the enhancement based on Rhoden's post-arrest statements included in the presentence investigation report that he had transported approximately one hundred aliens two days before and had smuggled undocumented aliens on eight different occasions, transporting between one hundred and fifty to one hundred and ninety-five per trip.  Rhoden contends the court erred in relying on the statements in the presentence report and that the government was required to establish by a preponderance of the evidence that the prior loads occurred and the number of aliens involved in those trips.

This court reviews the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error.[2]  Whether the district court properly determined relevant conduct, including "a finding by the district court that unadjudicated conduct is part of the same course of conduct," is a factual finding reviewable for clear error.[3]  "In making its factual findings for sentencing, a district court may adopt the findings of the PSR without additional inquiry if those facts have an evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information is materially unreliable.  The

---

[1] U.S.S.G. § 2L1.1(b)(2)(C) ("If the offense level involved the smuggling, transporting or harboring of six or more unlawful aliens, increase as follows: . . . (C) 100 or more . . . add 9").

[2] *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

[3] *United States v. Rhine*, 583 F.3d 878, 884–885 (5th Cir. 2009).

## No. 09-40805

defendant has the burden of showing that the information relied on by the district court in the PSR is materially unreliable."[4]

The presentence report based the enhancement on Rhoden's statement made after his arrest and after he was informed of his rights under *Miranda v. Arizona*.[5]  Although Rhoden asserts that his post-arrest statements were the result of nerves and exaggeration, he does not deny that he made the statements and presents no evidence disputing their substance.  The district court did not err in relying on the statements in the presentence report in applying the enhancement.

Rhoden also asserts that the evidence of the prior alien loads does not constitute relevant conduct because there was no evidence showing "jointly undertaken criminal activity," as there was no evidence that the prior loads were undertaken in concert with the same individuals who participated in the instant offense.  The district court found that the prior incidents constituted relevant conduct because they were part of the "same course of conduct."[6]  Rhoden's prior offenses were sufficiently similar and occurred with sufficient regularity to establish they were part of the same course of conduct.  In addition, Rhoden's admission that one prior trip occurred two days prior to the instant offense reveals a short time interval warranting a finding of relevant conduct.[7]

---

[4] *United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009) (internal quotations and citations omitted).

[5] 384 U.S. 436 (1966).

[6] U.S.S.G. § 1B1.3(a)(2).

[7] *See United States v. Ocana*, 204 F.3d 585, 589–91 (5th Cir. 2000) ("The factors that are appropriate to weigh in making the determination as to whether the offenses are sufficiently connected or related include the degree of similarity of the offenses, the regularity

No. 09-40805

Rhoden has not established that the district court clearly erred in imposing the nine-level enhancement; the judgment of the district court is AFFIRMED.

---

of the offenses, and the time interval between the offenses." (internal quotations and citations omitted)).